

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00058-CR
_____

CHRISTOPHER RANCE GILES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court No. 1811570

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

A Tarrant County jury convicted Christopher Rance Giles of continuous sexual abuse of a young child. *See* TEX. PENAL CODE ANN. § 21.02(b) (Supp.). After a bench trial on punishment, the trial court sentenced Giles to imprisonment for life. Giles appeals.[1]

Giles's attorney has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders v. California*. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On July 18, 2025, counsel mailed to Giles copies of the brief and the motion to withdraw. On July 29, counsel also provided Giles with a copy of the appellate record. Giles was informed of his rights to review the record and file a pro se response. Giles filed his pro se response on August 20.

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and Giles's pro se response and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

Charles van Cleef
Justice

Date Submitted:     December 11, 2025
Date Decided:       January 23, 2026

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, the appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.